UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 15-129-DLB-CJS

KRISTIN REED                                                                                               PLAINTIFF

v.                         **REPORT AND RECOMMENDATION**

FIFTH THIRD BANK, INC.                                                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's failure to comply with Court orders to take further action to prosecute her case. For the reasons set forth below, it will be recommended that Plaintiff's claims be dismissed without prejudice for failing to obey Court orders and failing to prosecute her case.

**I.      Relevant Facts**

On July 1, 2015, Plaintiffs filed a Complaint against Defendant, alleging claims of disability discrimination under the Americans with Disabilities Act. (R. 1). On May 24, 2016, counsel sought leave to withdraw, stating Plaintiff had failed to maintain communication with her counsel, rendering discovery and scheduling impractical. (R. 21). On May 31, 2016, the Court entered an Order setting the Motion for Leave to Withdraw as Counsel for a hearing and specifically ordered Plaintiff to personally appear at the hearing. (R. 22).

On June 8, 2016, the Court conducted the hearing on counsel's Motion for Leave to Withdraw as Counsel. (R. 23). Despite the Court's May 31, 2016, Order directing that Plaintiff

personally appear at the hearing, Plaintiff did not attend. (*Id*.). One of Plaintiff's attorney's confirmed that Plaintiff was aware of the hearing, but had advised she would not be attending. After hearing *ex parte* from Plaintiff's counsel regarding the circumstances surrounding their request to withdraw, the Court found the Motion well taken and granted the request. (R. 23).

In the June 8, 2016, Minute Entry/Order granting the Motions to Withdraw of Plaintiff's counsel, the Court further ordered Plaintiff to do one of two things **by July 8, 2016.** One, if Plaintiff intended to obtain new counsel, have that new counsel file an entry of appearance in the record by July 8. Or two, if Plaintiff decided not to hire or had been unable to find new counsel, file a Notice with the Court by July 8 stating whether she intended to continue to pursue this lawsuit and, if so, whether she would be doing so *pro se* (representing herself). (*Id*.). Plaintiff was cautioned in this Minute Entry/Order that failure to do anything may result in a recommendation to the presiding District Judge that her case be dismissed for failure to prosecute. (R. 23). Plaintiff did not comply with the Order.

On July 12, 2016, the Court entered a second Order, explaining the requirements of the June 8, 2016, Order and noting that, as of the date of the second Order, no new counsel had filed an entry of appearance on her behalf nor had she filed a Notice informing the Court of her intentions regarding this lawsuit. The Court explained it would give Plaintiff the benefit of the doubt that she may not have understood the importance of making one of the required filings by the specified deadline or that some unforeseen personal circumstance prevented her from complying with the Court's Order. She was provided with an additional thirty days, to and including August 8, 2016, to make the necessary filing. (R. 24). The Court again placed Plaintiff on notice that her failure to make the necessary filing would likely result in the undersigned recommending to the presiding

District Judge that her claims be dismissed for failing to obey Court orders and/or for failing to prosecute her case. (*Id*.). Plaintiff did not comply with the July 12, 2016, Order.

The Court docket evidences that both Orders were mailed to Plaintiff at her address of record, and neither mailing was returned to the Clerk's Office as not deliverable. (R. 55). As of the date of this filing, Plaintiff has failed to have counsel enter an appearance or to file a Notice stating her intentions with regard to this lawsuit.

**II.     Analysis**

A federal trial court has authority to dismiss a case under Federal Civil Rule 41(b) because of a plaintiff's failure to prosecute her claim. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (holding the language in Rule 41(b) allowing for a party to move to dismiss for failure to prosecute did not implicitly abrogate the court's power to dismiss *sua sponte*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*.

The Sixth Circuit has provided that in determining whether a case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b), a court should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Rogers v. City of Warren,* 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001)); *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d

359, 363 (6th Cir. 1999). As discussed below, a review of these factors leads to the conclusion that dismissal without prejudice is appropriate.

First, the Court does not know why Plaintiff has failed to prosecute this case, but it appears she has simply abandoned it. Despite specific instruction to make a required filing to move this case forward, she has failed to do so. Plaintiff's actions indicate that her failure to prosecute this action is a willful decision on her part.

Second, the Court finds that while the prejudice to Defendants at this point may be minimal, they have expended funds in defending this action, including propounding discovery and following up on late responses thereto. In addition, Plaintiff's inaction has resulted in an overall delay of the litigation. Thus, Plaintiff's failure to indicate whether she intends to move this case forward as instructed has caused prejudice to Defendants.

Third, this Court warned Plaintiff in both its June 8, 2016, Minute Entry/Order and its July 12, 2016, Order that her failure to act may result in dismissal of her case for failure to prosecute. (R. 23: R. 24). Thus, Plaintiff has been given clear warnings that her case would be dismissed if she did not respond to its directive.

Lastly, the fourth factor looks to whether less drastic sanctions were imposed or considered. Because Plaintiff has disregarded Court orders and has effectively abandoned her case, dismissal is appropriate. However, the Court is recommending a dismissal without prejudice, a lesser sanction than is permitted under Federal Rule of Civil Procedure 41(b). *See Link*, 370 U.S. at 629-30 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

**III.     Conclusion and Recommendation**

As explained above, all four factors identified by the Sixth Circuit weigh in favor of dismissal. Accordingly, **IT IS RECOMMENDED** that:

1. Plaintiff's Complaint (R. 1) be **dismissed without prejudice** for failure to prosecute and to comply with Court orders; and

2. this action be **stricken** from the active docket of this Court.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Dated this 22nd day of August, 2016.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\Orders\civil cov\2015\15-129 R&R dismiss fail to prosecute .wpd